IN THE MIDDLE DISTRICT COURT

OF THE STATE OF NORTH CAROLINA

VALERIE ARROYO, DEREK OLIVARIA       *       Case# 21cv219

                                     *

**_Plaintiff(s)_**                   *

                                     *

V                                    *

SOUTHWOOD REALTY COMPANY, (in its    *

Official Capacity), DAN W RATCHFORD* 

(In his official & personal          *       SWORN CIVIL COMPLAINT

Capacity), HERMAN RATCHFORD, Jr (in*

his official & personal capacity), *

TRIANGLE CLOISTER OF CONCORD d/b/a *

CLOISTER OF CONCORD, INC, (in its    *

official capacity), LUZ GORDON, (in*

her official & personal capacity)    *

JARED M SCHMIDT, (in his official    *       DEMAND OF JURY TRIAL

And personal capacity), LOEBSACK     *

& BROWNLEE, PLLC (in its official    *

Capacity), CHRISTOPHER M VANN,       *

(in his official & personal          *

Capacity), VANN LAW FIRM, PA (in     *

its personal & Official capacity), *

MAGISTRATE COLLEEN P BROOME, (in     *

her official & personal Capacity), *

CABARRUS COUNTY DISTRICT COURT OF    *

THE ADMINSTRATION, (in its official*

& Personal capacity), PATRICIA R     *

HOSKIN, (in her official and         *

Personal capacity), ELIZABETH        *

THOMAS, (in her official & personal*



FILED
MAR 1 8 2021
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N.C.
By

1

Capacity), PATRICK A. JOHNSON, (in  *
His official & personal capacity)  *
BROWNLEE, WHITLOW & PRAET, PLLC  *
(in its official capacity), N.C.  *
STATE BAR, (in its official  *
capacity), MAGISTRATE SHAWN MORRIS *
(in his official & personal  *
Capacity), CITY OF CONCORD (in its *
Official capacity), CABARRUS COUNTY*
BOARD OF COMMISSIONER (in its  *
Official capacity), CITY COUNCIL  *
OF CONCORD BOARD, (in its official *
Capacity), N.C. INDUSTRIAL  *
COMMISSION, (in its official  *
Capacity), N.C. STATE ATTORNEY  *
GENERAL OFFICE, (in its official  *
Capacity), JOSH STEIN, ATTORNEY  *
GENERAL, (in his official &  *
Personal capacity), DEPARTMENT OF  *
JUSTICE, (in its official capacity *
CABARRUS COUNTY SUPERIOR COURT  *
OF ADMINISTRATION (in its official *
Capacity), CONCORD & KANNAPOLIS  *
INDEPENDENT TRIBUNE (in its  *
official capacity)  *

               ***Defendant(s)***  *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

     This complaint arises under 28 U.S.C.§ 1331, violations of
the federal 42 U.S. C. § 1981, et al, and N.C. State Laws under
administrative, common, constitutional, equity, ethical and
judicial general statutes, and the federal and state civil rules

2

and procedures of the judicial practices of the Federal and the State of North Carolina.

Complaint consist of the facts and allegation includes consumer fraud, unfair and deceptive practices, perjury, breach of contract, breach of fiduciary duties, willful and wanton, malicious, intentional, vindictive negligence. Civil conspiracy, conflict of interest, legal malpractice, intimidation, violation of the national disability, and victim act. Defamation, slander and libel, emotional and financial duress. Violation of landlord and tenant laws, abuse of power, position and authority, abuse of the court, candor, obstruction of justice; abuse of his discretion, which deprives the color of the law, violation of due process doctrine, emotional and financial duress. Violation of the state tort act, ethical, violation of public official and N.C. Code of Professional Conduct under the N.C. State Bar and Chapter 84, of the General Statutes of the State of North Carolina. Deception under the Eviction Moratorium Cares Act Forbearance under the COVID-19 U.S. Congress Bill Section 4024 as follows:

## PARTIES

**First Plaintiff Valerie Arroyo,** P. O. Box 5579, Concord NC 28027, Phone# 704-506-1526. Plaintiff appearance as an interest, attorney of fact, and as a victim (**Personal Capacity**)

3

**Second Plaintiff Derek Olivaria,** P. O. Box 5579, Concord NC 28027, Phone# 704-506-1526. Plaintiff appearance as an injured and interest party **(Personal Capacity)**

**First Defendant Southwood Realty Company,** 165 South York Street, Gastonia NC 28052, phone# 704-869-6024, a business entity that is establish and do business under the State of North Carolina Secretary of the State, e-mail: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚ ,(in its official capacity)

**Second Defendant Daniel Ratchford,** 165 South York Street, Gastonia NC 28052, phone# 704-869-6024, Vice President, of the business Southwood Realty Company, a business entity that is establish and do business under the State of North Carolina Secretary of the State, e-mail: ⬚⬚ ⬚ ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚ ,(in its official & personal capacity)

**Third Defendant Herman E Ratchford, Jr,** 165 South York Street, Gastonia NC 28052, phone# 704-869-6024, President, of the business Southwood Realty Company, a business entity that is establish and do business under the State of North Carolina Secretary of the State, e-mail: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚ , (in its official & personal capacity)

**Fourth Defendant Triangle of Cloister b/d/a Cloister of Concord, Inc.,** 843 Devonshire Drive, Concord NC 28027, Phone# 704-795-4579, a business entity that is establish and do business under the State of North Carolina Secretary of the

4

State, e-mail: ~~w...~~ ~~...~~ ,(in its official
capacity)

Fifth Defendant Luz Gordon, 843 Devonshire Drive, Concord
NC 28027, Phone# 704-795-4579, Property Manager, Cloister of
Concord Apartment Homes, e-mail: ~~...~~ ,(in
her official and personal capacity)

Sixth Defendant Jarred M. Schmidt, Attorney with Loebsack &
Brownlee, PLLC,, 1850 East 3rd Street, Ste. 245, Charlotte NC
28204, Phone# 704-970-3900, e-mail: ~~...~~ ,
(in his official and personal capacity)

Seventh Defendant Loebsack & Brownlee, PLLC, 1850 East 3rd
Street, Ste. 245, Charlotte NC 28204, Phone# 704-970-3900, e-
mail: ~~...~~ ,(in his official capacity)

Eighth Defendant Christopher M. Vann, Vann Law Firm, P.A.,
9912 Monroe Rd, Ste. 201, Matthew, NC 28105, Phone# 704-645-
6050, e-mail: ~~...~~ (in his official & personal
capacity

Ninth Defendant Vann Law Firm, PA, 9912 Monroe Rd, Ste.
201, Matthew, NC 28105, Phone# 704-645-6050, e-mail:
~~...~~ (in his official capacity)

Tenth Defendant Magistrate Colleen P. Broome, Cabarrus
County Small Claims Court, 30 Corban Avenue, Concord NC 28025,
Phone# 704-262-5519, e-mail: ~~...~~

5

Eleventh Defendant Cabarrus County District Court of the
Administration, 77 Union Street, Concord NC 28025, Phone# 704-
265-5500, e-mail: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚ , Chief District Judge Christy
Wilhelm

Twelve Defendant Patricia R. Hoskins, Clerk of Court,
Cabarrus County of District Court, 77 Union Street, Concord NC
28025, Phone# 704-265-5500, e-mail:
⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚, (in her official and personal
capacity

Thirteen Defendant Elizabeth Thomas, Clerk of Court,
Cabarrus County of District Court, 77 Union Street, Concord NC
28025, Phone# 704-265-5500, e-mail:
⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚, (in her official and personal
capacity

Fourteen Defendant Patrick A. Johnson, Attorney with
Brownlee, Whitlow & Praet Property Solutions of Law, PLLC, 1850
East 3rd Street, Ste. 350, Charlotte NC 28204, Phone# 704-970-
3900, e-mail: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚ (in his official and personal
capacity)

Fifteen Defendant Brownlee, Whitlow & Praet Property
Solutions of Law, 1850 East 3rd Street, Ste. 350, Charlotte NC
28204, Phone# 704-970-3900, F. Todd Whitlow, Partner, e-mail:
⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚ ,( in its official capacity)

6

Sixteen Defendant **N.C. State Bar,** 217 Edenton Street, Raleigh, NC 27601, Phone# 919-828-4600, e-mail: ⸱⸱⸱⸱⸱⸱ , (in its Official Capacity)

Seventeen Defendant Shawn Morris, Iredell County District Court, 226 Stockton Street, Statesville, NC 28677, phone# 704-832-6619, email: ⸱⸱⸱⸱⸱⸱ ,( in his official and personal capacity)

Eighteen Defendant City of Concord, 35 Cabarrus Avenue W, Concord NC 28025, Phone# 704-920-5115, e-mail: ⸱⸱⸱⸱⸱⸱, (in his official capacity)

Nineteen Defendant County of Concord Commission Board, 65 Church St, S, Concord, NC 28025, Phone# 704-920-2100, e-mail: ⸱⸱⸱⸱⸱⸱, ( in his official capacity

Twentieth Defendant City Council of Cabarrus County Board, 65 Church St, S, Concord, NC 28025, Phone# 704-920-2100, e-mail: ⸱⸱⸱⸱⸱⸱, (in his official capacity

Twenty-one Defendant N.C. Industrial Commission, 430 N. Salisbury Street, Raleigh, NC 27603, Phone# 919-807-2500, email: ⸱⸱⸱⸱⸱⸱ , (in its official capacity)

**Twenty-two Defendant Josh Stein, Attorney General,** 114 W. Edenton Street, Raleigh, NC 27603, Phone# 919-716-6400, e-mail: ⸱⸱⸱⸱⸱⸱ , ( in his official and personal capacity)

7

**Twenty-three Defendant N.C. State Department of Justice,**
114 W. Edenton Street, Raleigh, NC 27603, Phone# 919-716-6400,
e-mail: ⬚⬚⬚⬚⬚⬚⬚⬚, ( in his official capacity)

**Twenty-four Defendant Cabarrus County Superior Court of
Administration,**77 Union Street, Concord NC 28025, Phone# 704-
265-5500, Senior Resident Superior Judge Martin B. McGee (in its
official capacity)

**Twenty-five Defendant Concord & Kannapolis Tribune,** 363
Church Street, N, Ste. 140, Concord NC 28025 Phone# 828-304-
6905, e-mail: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚ ,(in its official
capacity)

## PARTIIES, JURISDICTION AND VENUE

I.   This court has original jurisdiction under 28 U.S.C. §
1331, federal violations. Venue is proper due to this Court has
jurisdiction over the Cabarrus County District Court as a matter
of the law under the Federal District Court

## BACKGROUND

II.   Prior to the pandemic, these Defendant(s)fails to act,
Abide, conduct, defend, enforce, provide, protect or protect all
citizens from wrongdoings individual actions or conduct that
violates the administration, judicial and legislation laws under
the U.S. Federal and State Constitution. Federal and State
agencies create, establish or its mission to make sure that all

**8**

their employees are providing all of their services with respect, integrity, ethics and fair and equal protection under the matter of the laws. All citizens receiving fair and equal due process during all administrative and judicial proceedings under the U.S. Federal Constitution, and the Bill of Rights of the Amendments of the United States of America, along with the General Statutes and the Civil Rules and Procedures of the State of North Carolina.

III.   In March 2019, all the way through March 2021, these individual Defendant(s) abuse their power, discretion and the court for their own personal gain, to obstruct justice, deprive the color of the law. Individual Defendant(s) actions, misconduct, conflict of interest, prejudice and manipulation of the courts shows violations the civil rights of an innocent citizen with a mental disability. Pursuant to the Landlord and tenant law, these landlords abuse their tenant rights, by filing, false summary ejectment complaints, the judicial public officials failure to act, conduct their duties and responsibilities as a matter of the law, instead they abuse their discretion, which violates the innocent citizen's civil rights.

IV.   These state and federal agencies and business has Duties and responsibilities to make sure all employees conduct or provide services under the State of North Carolina and under

9

the United States of America Constitution to all citizens. To provide fair and equal protections, provide respect and integrity to all citizens without showing any prejudice, conflict of interest or special treatment due to position, title, or financial status.

V.   All and all state, government or local, appointed Elected, hired or licensed public officials and employees took a sworn oath prior to their taken office or position under the Federal and State Constitution. Under the ethical laws, code of judicial conduct and N.C. State Bar code of professional conduct under and the General Statutes of North Carolina Judicial procedures. As a matter of the law, all of these individuals failure to uphold his or her oath, which causes injures and damages under several violations of the Federal and State of North Carolina State Tort Act, Victim's Right Act, National Disability Act, Due Process Doctrine Act, 28 U.S.C. § 1654, 42 U.S. C. § 1981, et al.

## FACTS

VI.   On March 24, 2019, Luz Gordon, the property manager of Triangle Cloister of Concord request her attorney Stephanie Richmond of Loebsack & Brownlee, PLLC of Charlotte, NC to file a false summary ejectment complaint of allegations of non-payment

of rent for March 01, 2019, against Plaintiff Derek Olivaria, an answer and counterclaim filed on behalf of Derek Olivaria, which the court continue the hearing until April 03, 2019.

During the summary ejectment hearing, Mr. Olivaria proven the rent paid on time and for a higher amount that the monthly rent in the state in the summary ejectment complaint. During the same hearing the property manager Ms. Gordon testify that the rental payment was made on it, by Plaintiff Valerie Arroyo; on time for the higher amount, but she held it for five days, then tried to return the rental payment to Mr. Olivaria due to she claim he had a dog in his apartment. Mr. Olivaria argued that the written lease agreement should be unenforceable, due to the lease state 12 months lease but the date of the lease April 13, 2018 to May 15, 2019, which is 13 months. The rental base rent $885.00; lease state rent is $895.00 for trash and pest, which no personal service given. As a matter of the law, if a tenant has a dog illegally in an apartment does not allow the landlord to file summary ejectment complaint for non-payment against an innocent tenant, especially a tenant who has a disability. Magistrate Collen P Broome abuse her and the courts discretion, rule against Mr. Olivaria, despite the facts, evidence and testimony and the case does not meet the grounds of a dismissal, grant the summary ejectment, dismiss the counterclaim due to lack of jurisdiction.

11

VII.    Plaintiff Olivaria files appeal on April 03, 2019, pays the stay bond, eligible for indigent, which the law states no arrears should be paid if Defendant is indigent. Request for jury trial, the clerk of court states jury trial are only schedule twice a year. Trial De Novo should happen within the next 30 day, a hearing should be given within 10 days due to dispute of the rent owed, which never happened. Clerk of Court schedule jury trial for September 09, 2019. As a matter of the law, once the Defendant has proven his case, judgment should be rendered in his favor, not the Landlord.

VIII.    Pursuant to Code of Judicial Conduct, Cannon laws states all Judges shall act, conduct, and perform with honesty, integrity, ethically, without showing any prejudice, special treatment, and take control of his or her courtroom, where no citizens' rights shall be violated, all judicial proceedings shall receive fair and equal protection and due process. District Judge Steven Grossman failure to abide, act, conduct, enforce, upheld the judicial civil rules and procedures, judicial code of conduct, ethic laws and the oath token under the constitution, when it comes to this case. By allowing obstruction of justice, unfair and deceptive practices, bad faith tactics, abuse of the court by three different legal law firms shows prejudice, conflict of interest, and injustice.

IX.    Pursuant to the Administration law, state and federal

12

agencies has the jurisdiction, authority and the responsibility
to sanction, disciplinary, grievances and impeachment any and
all state, government, local municipal, public officials, and
commissioners, N.C. State Bar, N.C. Industrial Commission, and
Department of Justice and the office of the Administration
Court. Mayor, Board members of the City and County Council over
all citizens protected equally from any wrongdoers, who actions
or conduct violates the civil, criminal laws, where they reside.

X.     Pursuant to 42 U.S.C. § 1981, et al, all citizens has
A right to seek justice, relief and the opportunity to be able
to get to enjoying life, liberties and property, without any
delays, prejudice or abuse by any judicial or public officials.
Pursuant to 28 U.S.C. § 1331, et al, the Plaintiff's has a right
to have a jury or court panel answer these federal questions
without any prejudices or conflict of interest.

XI.     Pursuant to Chapter 84, of the North Carolina General
Statutes, all attorney shall act, conduct and provide his or her
due diligence, integrity, and ethical, cause no harm to their
client.  Under the oath, once an attorney has knowledge of
unlawful conduct, perjury or unfair and deceptive practices
occurs they have a duty, responsible and ethical right to say
something, do something and report it to judge or commissioner.
Jarred Schmidt, of Loebsack and Brownlee appeared and presence
at the summary ejectment hearing on April 03, 2019, when his

13

client admitted to the court and magistrate that Mr. Olivaria did pay his rent on time and for the higher amount, not arrears occurred. Instead, Mr. Schmidt filed an appearance to represent the same unlawful client in the appeal court. File motion to dismiss Mr. Olivaria answer and counterclaim knowing that the answer and counterclaim is just and proper.

XII.   Due to the mental disability of Plaintiff Olivaria, Plaintiff Arroyo has power of attorney, which makes her attorney of fact over Mr. Olivaria; they both visit Vann Law Firm, P.A. in August 2019, to obtain his legal services to represent Mr. Olivaria in this Trial De Novo proceeding, unjustly and improper summary ejectment judgment. This unjust and improper judgment causing more damages for Mr. Olivaria to move from the property, the lease over in May 2019; notice of non-renewal of the lease given 2 months prior to March incident.  Spoken with Christopher Vann, the attorney inform him that the rent paid on time, for the higher amount in the complaint by Plaintiff Arroyo.  Inform him of the misconduct of the Magistrate Broome, attorney Schmidt and about the hearing to dismiss the answer and counterclaim filed by Plaintiff Arroyo, in the best interest and on behalf of Mr. Olivaria.

XIII.   Vann, Olivaria and Arroyo agreed on $1,500.00 to obtain his legal services, his appearance on the case, to handle the motion to dismiss hearing, and handling the jury trial

14

schedule on September 09, 2019. Payment arrangement was $750.00 up front and the balance due on September 09, 2019, after the jury trial. Only if the court does not granted attorney fees paid by the Defendant, if the court grants the attorney fees paid then Mr. Vann would return the $750.00 back to his client.

XIV.  On or around August 26, 2019, Mr. Vann files Notice of Appearance and motion to amend answer and counterclaim on behalf of Mr. Olivaria with the Clerk of Court of Cabarrus County District Court. The motion does not state through his counsel, that this motion filed, it states through Mr. Olivaria, which states a lot to the court, it states the attorney is only providing limit counsel on behalf of this Defendant. During the hearing, the Judge states Mr. Vann refuse to move, modify or amend the relief for his client to reflect that the judgment be vacate as relief, Mr. Vann refused. Judge states in her order that both counsel consent to have all the motions be heard by her, as a pre-trial conference or hearing, which both counsel agreed. Both counsel argued their motions, she continue the case until she review the case, and then provide a final ruling, where it will not delay the jury trial schedule on 9th of September 2019.

XV.  On August 30, 2019, Judge Boger-Allen ordered that the Plaintiff's motion to dismiss denied and the Amended Answer and counterclaim submitted in the court on 29 August 2019 be

15

granted. Once Mr. Vann, realize his client has a big case, he demands more money from his client. On September 03, 2019, the opposing counsel made a settlement order, which Mr. Olivaria declined. On September 9, 2019, Mr. Vann enters the courtroom informing the Judge Steven A. Grossman, that he have an issue that needs to be discuss with his client, the Judge allows the time to step outside the courtroom. Mr. Vann threaten Mr. Olivaria, yells Ms. Arroyo and tells her to shut up, when he continuously tried to intimidate Mr. Olivaria to sign a new contingent payment agreement for more money, then already agreed upon or his case will not be heard today by the jury. Mr. Olivaria decline the new payment arrangement, Mr. Vann conspire with Mr. Schmidt to mislead and misrepresent the court by stating the opposing counsel did not have time to oppose the court order served on September 03, 2019, when the order states both counsel agreed, and the order states this should be used for any delays in the proceedings. District Judge Steven A. Grossman did not review the case or the pre-trial order and continue the case for the next session jury trial. Mr. Vann files motion to withdrawal from the case on the same day, another judge granted the withdrawal without probable cause or as a matter of the law in October 2019, by Judge Knust. Mr. Schmidt refuse to act in good faith or with integrity.

XVI. On October 2019, due to Mr. Schmidt misconduct and

16

conspiracy with Mr. Vann, Patrick A. Johnson, of Brownlee, Whitlow and Praet, PLLC files notice of appearance on October 03, 2019, without any explanation or showing any good faith towards the pro se parties. Mr. Johnson files another motion to dismiss the same answer and counterclaim under the same grounds and objections ruled already by District Judge Boger-Allen. On November 21, 2019, District Judge D. Brent Cloninger grants Mr. Johnson motion to dismiss Mr. Olivaria answer and counterclaim without just and proper cause, despite the fact that another judge can't overrule another judge order except if the order is an opinion, but not if it's a matter of the law ruling. In this case, only a jury shall be allowed to dismiss this case due to the demand of jury trial. All of the hearings are bench trials hearings, which are interlocutory orders, by this judicial abuse of its discretion, which deprives the color of the law.

XVII.    On January 13, 2020, one of the opposing counsel Mr. Schmidt files Notice of Voluntary Dismissal on behalf of his client to avoid a final judgment against his client, the courts grants the voluntary dismissal without prejudice, despite the arguments, objections, and it would allow the Plaintiff to be able to come back and bring the same charges within a year time against an innocent tenant. The court release all of the funds that Mr. Olivaria pay into the court, which is supposed to be reserve on a bond and stay of execution under chapter 42. Clerk

of the courts stop accepting payment of rent in February 2019,
stating the case is over, no final judgment order issued by this
District Court, the appeal is still occurring as of March 2021.
As a matter of the law, if the plaintiff quash, voluntary
dismiss its allegations, the Defendant wins the case, the funds
shall be given to the Defendant, no eviction proceedings shall
occur.

XVIII. On March 24, 2020, the same attorney Mr. Schmidt files
Another false summary ejectment against Plaintiff Olivaria See
Case# 20-CVM-921, Triangle Cloister of Concord , Inc. v.
Olivaria stating failure to pay rent of $1, 700.00, without any
written lease agreement, no month to month written or oral
agreement, demand for possession only. Knowingly there is no
court order stating any rent is due by the Cabarrus County
District Court where the appeal is still occurring. An answer
and counterclaim filed once again on behalf of Mr. Olivaria
denying all of the allegations of owing any rent. As a matter of
the law, this court has no jurisdiction to entertain this unjust
and improper complaint, due to the appeal is still occurring on
the first case. Due to the illegal and improper misconduct by
the same Magistrate Broome, the Court appoints another
Magistrate Shawn Morris, of Iredell County Small Claims Court to
heard this summary ejectment on July 29, 2020. Magistrate Morris
refuse to acknowledge the evidence, facts and this court has no

jurisdiction to hear this case, since the appeal process is still open in the District Court. Magistrate Morris states in open court, this case does not qualify for the "Cares Act" Eviction Moratorium. Mr. Olivaria states if the complaint is requesting possession only, why this court is discussing rental payments owed, when there is no written lease, oral or verbal month-to-month agreement and the complaints states there is a dispute in the amount of any arrears and the amount is $5, 462.99. the judgment order states the defendant disputes any rent is due or owed in the arrears due to the plaintiff request a voluntary dismissal, which was granted by the District Court, but as a matter of the law, the plaintiff has to wait one year to bring the same allegations back to court, it is only been two months.

XIX. On August 19, 2020, the Cabarrus County Sherriff issued a padlock order, notice of eviction within the next 7 days, eviction occurred on August 26 or 27, 2020. On August 10, 2020, Devinn Barnette, Senior Associate Attorney of Loebsack and Brownlee signs a Cares Act Affidavit Forbearance status for Federal Backed Loans in reference to the Mr. Olivaria address, due to this illegal summary ejectment. This property owner should not be eligible to receive any assistance, due to the unfair and deceptive practices, perjury, and that the court has

19

release all of the funds paid by Mr. Olivaria for rent to the court, the property should be in Mr. Olivaria possession.

XX.   In May 2020, Plaintiff Arroyo files civil complaint against Triangle Cloister of Concord, Inc, served all parties, the Cabarrus County District Court obstruct justice by refusing to allow this complaint, Mr. Olivaria a jury hear both counterclaims. Despite the pandemic, District Court Judge Grossman, Patrick A. Johnson and the Courts continuously abusing the power, position and authority to prevent justice and relief to innocent citizen, due to no respect or good faith under 28 U.S.C. § 1654.

XXI.   In 2019, Plaintiff Arroyo files grievance, consumer complaints, complaints with the City, Cabarrus County, Local Leaders, commissioner, agencies for independent investigations, no assistance, protection, due to the best interest of the State. Either the agencies dismiss the complaint without any investigations, answers filed by opposing counsel or attorney general office, or it's a litigation hold by the injustice judicial system.   It is unconstitutional for courts, judges or public officials to deceit, show bad faith and misrepresent the court for its own personal gain or conspires with unlawful clients to bring false allegations against an innocent individual, who suffers with a mental disability.

XXII.   As of March 04, 2021, the District Court has

continuously refuse to hear plaintiff Motion for Default,
Sanctions against all individuals involved in this judicial
proceedings violated his or her oath under the federal and state
constitution, in his or her official and personal capacity; due
to the Plaintiff Arroyo is N.C. State Public Official as well,
who took the same oath, these individual Defendant(s) taken. Due
to the Plaintiff, not being attorneys, choosing to represent
themselves, due to injuries and damages by all of these
attorneys has caused more emotional and financial duress. These
attorneys motion for sanctions against the Plaintiff, the State
tried to bring unauthorized practice of law, due to the
Plaintiff Arroyo has filing motions on behalf of Mr. Olivaria,
as his attorney of facts.

### FIRST CLAIM FOR RELIEF
**(Knowingly, Intentional, Grossly, Willful
& Wanton, Egregiously Negligence)**

XXIII.   Paragraphs 1-22 are restated and realleges herein by
Reference

XXIV.   For over a total of 2 years, these Defendant(s)
knowingly, intentionally grossly and egregiously fail to act,
abide, comply with or to, enforce, investigate, disclose, or
prosecute individuals who have violate the administration,
civil, criminal, ethical, local ordinances, and judicial

21

procedures pursuing to the Federal & State General Statutes of
the laws

## SECOND CLAIM FOR RELIEF
### (Unfair and Deceptive Practices)

XXV.   Paragraphs 1-24 are restated and realleges herein by
reference

XXVI.   Pursuant to N.C.G.S. § 75.1, et al, several of the
Defendant failure to act, conduct, perform, and provide services
under the without unfair tactics, bad faith, perjury,
misrepresentation, misleading, and deception during several
administration and judicial proceeding

## THIRD CLAIM FOR RELIEF
### (CIVIL RIGHT VIOLATION)

XXVII.   Paragraphs 1-26 are restated and realleges herein by
Reference

XXVIII.   All of the individuals' Defendant(s)actions, conduct
and performance while in his or her official and personal
capacity violates both of the Plaintiff's constitutional rights
during several judicial proceedings, which shows racial
injustice, violation under the 28 U.S.C. § 1654, and 42 U.S.C. §
1981, et al.

## FOURTH CLAIM FOR RELIEF
### (DEPRIVATION OF THE COLOR OF THE LAW)

XXIX.   Paragraphs 1-26 are restated and realleges herein by
Reference

XXX.   During all administration, commissioner and judicial proceedings both Plaintiff's demanded jury trials, oral arguments and hearings, only bench trials, no answers filed to the allegations within time allowed; sua sponte interlocutory orders only, unjust and improper litigation hold, violation of fast track court judicial procedure rules and civil practices.

## FIFTH CLAIM FOR RELIEF
### (LEGAL MALPRACTICE)

XXXI.   Paragraphs 1-30 are restated and realleges herein by References

XXXII.   All of the Defendant(s)licensed to practice, operate, provide services legal and law under the N.C.G. S. § 84, N.C. State Bar or the State of North Carolina failure to act, conduct, perform under the code of professionalism, ethics and as a matter of the law.

## SIXTH CLAIM FOR RELIEF
### (DUE PROCESS VIOLATION)

XXXIII.   Paragraphs 1-32 are restated and realleges herein by References

XXXIV.   Pursuant to the Fourteenth Amendment Due Process Clause, all of the Defendant(s) violated both of the Plaintiff's due process clause during several administration and judicial proceedings.

## SEVENTH CLAIM FOR RELIEF
### (CIVIL CONSPIRACY)

23

XXXV.   Paragraph 1-34 are restated and realleges herein by references

XXXVI.   All of the agencies, appointed, elected and hired employees conspired to keep these cases from a jury, delaying relief and justice by abusing his or her discretion, which deprive the color of the law, judicial public official delay the relief and justice within two years

## EIGTH CLAIM FOR RELIEF
## RETAILATION OF LANDLORD & TENANT

XXXVII.   Paragraph 1-36 are restated and realleges herein by references

XXXVIII.   Pursuant to N.C.G.S. § 42-37, et al, under the "Care Act" Eviction Moratorium, See Case# 20-CVM-921, Triangle Cloister of Concord, Inc. v Olivaria, trial de novo appeal still open as of March 15, 2021

## NINETH CLAIM FOR RELIEF
## VIOLATION OF FREEOM OF THE PRESS

XXXIX.   Paragraph 1-38 are restated and realleges herein by references

XL.   Defendant Independence Cabarrus & Kannapolis refuse to allow freedom of speech by not allowing any investigation or publish any articles in reference to unlawful acts by public officials locally, no transparency by this newspaper, which violates both of the Plaintiff's rights under the Bill of Rights First Amendment

24

## TENTH CLAIM FOR RELIEF
### (STATE TORT ACT)

XLI.   Paragraph 1-40 restates and realleges herein by references

XLII.   Pursuant to N. C. G. S. § 143, et al, all of the employees, public officials, business owners, partners are responsible for his or hers employees not to cause injuries to an innocent citizens under the oath of the constitution, general statutes, and the code of conduct

## ELEVENTH CLAIM FOR RELIEF
### (CONSUMER FRAUD)

XLIII.   Paragraph 1-42 restates and realleges herein by references

XLIV.   Several of the Defendant(s) failure to abide by the consumer fraud act, Plaintiff paid for services, which not rendered under the matter of the law, unenforceable written lease that states 13 month, which should be 12 months,

XLV.   Several of the Defendant(s) act, conduct and performs consist of deceit, unfair tactics and fraudulent acts

## TWELVETH CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

XLVI.   Paragraph 1-45 restates and realleges herein by references

XLVII.   These Defendant(s) intentionally knowingly and

25

vindictively breach their fiduciary duties by failure to act, enforce, and order an investigation by local government and administrative agencies

XLVIII. These Defendant(s) fails to abide, enforce, or comply with the provide Victim Rights Act, State Ethics Act, or N.C. Administration Office of the Court, by allowing other public officials, elected or appointed and hired employees, who are covered under the N.C.G.S. 160A, conduct themselves according to the rules, procedures, and the law, Under the Federal and State Constitution there is a contract through his or her oath

### THIRTITEEN CLAIM FOR RELIEF
### (BREACH OF FIDUCIARY)

XLIX. Paragraph 1-48 restates and realleges herein by references

L. All of these individuals failure to act , conduct and perform his or her fiduciary duties under their oath under the federal and state constitution, ethic laws

### FOURTEEN CLAIM FOR RELIEF
### (VIOLATION OF THE ETHICS)

LI. Paragraph 1-50 restates and realleges herein by references

LII. Under the N.C.G.S. Chapter 138a, all of these Defendant(s) violated the ethics law by their actions, conduct and performance during both of the judicial and administration proceedings.

26

## FIFITEEN CLAIM FOR RELIEF
## (PUBLIC CORRUPTION)

LIII.    Paragraph 1-52 restates and realleges herein by references

LIV.    All of the individuals Defendant(s) actions, conduct, performance shows public corruption by the administration, judicial, clerk of court, and all of the attorneys conspires to obstruct justice, prevent relief and justice to innocent citizens, without probable cause or as a matter of the law

## SIXITEEN CLAIM FOR RELIEF
## (ABUSE OF DISCRETION)

LV.    Paragraph 1-41 restates and realleges herein by references

LVI.    All of the administration and judicial transcripts, records shows abuse of discretion for its own personal, state or political gain. Abuse his or her discretion, which abuse the civil rules and procedures of the courts by intentional delaying the case with bench trials

## SEVENTEEN CLAIM FOR RELIEF
## (OBSTRUCTION OF JUSTICE)

LVII.    Paragraph 1-41 restates and realleges herein by references

LVIII.    The judges, clerk of court, attorneys, commissioners failure to act, conduct or perform their duties, sanctions, or hold anyone accountable for causing injuries and violating

27

several of the disability, victim and civil rights act under the criminal procedure law, due to perjury and fraud

## EIGHITEEN CLAIM FOR RELIEF
### (DEFAMATION, LIBEL & SLANDER)

LIX.   Paragraph 1-41 restates and realleges herein by references

LX.   All of these Defendant(s) knowingly and intentionally allowing, conspiring with each other to bring two false summary ejectment complaints against and eviction an innocent disabled man during the pandemic and then requesting a forbearance under the federal "CARE ACT".

LXI.   Both properties Defendant(s) sent Plaintiff Olivaria case to a collection agency for illegal debt. Other Defendant(s) knows there is no debt owed, refuse to correct or prevent Plaintiff Olivaria's credit

## NINITEEN CLAIM FOR RELIEF
### (FAILURE TO ACT, CONDUCT OR PERFORM THEIR DUTIES)

LXII.   Paragraph 1-41 restates and realleges herein by references

LXIII.   Pursuing to question of the law, all of these Defendant(s) intentionally, knowingly and vindictively fail to act, conduct and perform according to the N.C. State Ethics Act, N.C. Administrative and Judicial Procedure Act, and Federal and

28

N.C. State Constitution as well as the Bill of Rights of the
United States of America.

## TWENTY CLAIM FOR RELIEF
## (INTENTIONAL, VINDICTIVE, MALICOUS EMOTIONAL & FINNCIAL DURESS)

LXIV.   Paragraph 1-41 restates and realleges herein by
references

LXV.   All if these Defendant(s) has knowledge of Plaintiff's
Olivaria's disability, they intentional, vindictively and
maliciously causes more emotional damage and financial duress.
Due to Plaintiff Arroyo's is a state public official, took the
same oath as these Defendant(s). Knowledgeable of the
unconstitutional and unethical misconduct by the judicial and
other public officials during both administration and judicial
proceedings, and Plaintiff Arroyo has a responsible and duty to
report, say something and do something, which is causing more
injuries especially to Plaintiff Olivaria due to his mental
disability

LXVI.

## TWENTY-ONE CLAIM FOR RELIEF
## (VIOLATION OF THE DISABILITY ACT)

Paragraph 1-41 restates and realleges herein by
references

LXVII.   Pursuant to Chapter 168, North Carolina Person with
Disabilities Act and the American Disability Act of the Federal Statutes,
these Defendant(s) and agencies violate Plaintiff's Olivaria rights

29

under the disability act, Judicial and Public official of the State of North Carolina violated the rights of the attorney of facts to act, file and advocate in the best interest of Plaintiff's Olivaria rights under the power of attorney.

### TWENTY-TWO CLAIM FOR RELIEF
### (VIOLTION OF VICTIM & TENANT'S RIGHTS)

LXVIII.   Paragraph 1-56 restated and realleges herein by references

LXIX.   Pursuant to the matte of the law, victims, tenants and innocent citizen's has rights to seek relief, justice and accountability against all individuals or agencies actions or lack of, causes injuries, without any state or federal government or officials interference or discretion, which deprives the color of the law; no one is above the law, all wrongdoers shall be held accountable and liable for his or her misconduct

### FEDERAL QUESTIONS

1. **Did the lower tribunal violate both of the Plaintiff's civil right, due process, deprive the color of the law, tenant and victim's rights**

2. **Did the State Agencies, Commissioner, Public officials violate the administrative, constitutional, judicial and the disability act or laws**

3. **Did any of the lawyers violate the code of conduct, ethic and violate and the general statutes under Chapter 84, constitution and the disability rights of any of the Plaintiff**

30

4. **Did any of the Defendant(s) action, conduct or performance violation any of the criminal law under fraud, deception or perjury, false complaints, unfair and deceptive practices**

5. **Did any of the Christopher M. Vann of Vann Law Firm, P.A. violated Plaintiff Olivaria rights under intimidation, abandonment, breach of contract, and breach of fiduciary duties, and violation of his disability.**

WHEREFORE, Plaintiff prays the Court as follows:

  I. Plaintiff request an ethical independent investigation against all of the Defendant(s)

  II. Plaintiff request sanctions, impeachment against all judicial and public officials as a matter of the law

  III. Plaintiff have and recover judgment against all Defendant(s) under the First Claim for Relief for the damages in excess of million dollars

  IV. Plaintiff have and recover judgment against all Defendant(s) under the Second Claim for Relief for the damages in excess of million dollars

  V. Plaintiff have and recover judgment against all Defendant(s) under the Third Claim for Relief for the damages in excess of million dollars

  VI. Plaintiff have and recover judgment against all Defendant(s) under the Fourth Claim for Relief for the damages in excess of million dollars

VII.   Plaintiff have and recover judgment against all Defendant(s) under the Fifth Claim for Relief for the damages in excess of million dollars

VIII.   Plaintiff have and recover judgment against all Defendant(s) under the Sixth Claim for Relief for the damages in excess of million dollars

IX.   Plaintiff have and recover judgment against all Defendant(s) under the Seventh Claim for Relief for the damages in excess of million dollars

X.   Plaintiff have and recover judgment against all Defendant(s) under the Eighth Claim for Relief for the damages in excess of million dollars

XI.   Plaintiff have and recover judgment against all Defendant(s) under the Ninth Claim for Relief for the damages in excess of million dollars

XII.   Plaintiff have and recover judgment against all Defendant(s) under the Tenth Claim for Relief for the damages in excess of million dollars,

XIII.   Plaintiff have and recover judgment against all Defendant(s) under the Eleventh Claim for Relief for these damages be in excess of million dollars

XIV.   Plaintiff have and recover judgment against all Defendant(s) under the Twelfth Claim for Relief for the damages in excess of million dollars

XV.   Plaintiff have and recover judgment against all Defendant(s) under the Thirteen Claim for Relief for the damages in excess of million dollars

XVI.   Plaintiff have and recover judgment against all Defendant(s) under the Fourthteen Claim for Relief for the damages in excess of million dollars

XVII.   Plaintiff have and recover judgment against all Defendant(s) under the Fifthteen Claim for Relief for the damages in excess of million dollars

XVIII.   Plaintiff have and recover judgment against all Defendant(s) under the Sixteen Claim for Relief for the damages in excess of million dollars

XIX.   Plaintiff have and recover judgment against all Defendant(s) under the Seventeen Claim for Relief for the damages in excess of million dollars

XX.   Plaintiff have and recover judgment against all Defendant(s) under the Eighteen Claim for Relief for the damages in excess of million dollars

XXI.   Plaintiff have and recover judgment against all Defendant(s) under the Nineteen Claim for Relief for the damages in excess of million dollars

XXII.   Plaintiff have and recover judgment against all Defendant(s) under the Twenty Claim for Relief for the damages in excess of million dollars

XXIII.   Plaintiff have and recover judgment against all Defendant(s) under the twenty-one Claim for Relief for the damages in excess of million dollars

XXIV.   Plaintiff have and recover judgment against all Defendant(s) under the Twenty-two Claim for Relief for the damages in excess of million dollars

XXV.   The Defendant is taxed with the costs of this action together with any Plaintiff's attorney fees

XXVI.   Plaintiff request for permanent restraining order against all these Defendant(s) from any retaliation consequences

XXVII.   For a trial by jury

XXVIII.   For such any other relief as the Court may find deem just and proper

Respectfully submitted on 15th day of March 2021

Derek Olivaria, Plaintiff
P. O. Box 5579
Concord, NC 28027
Phone# 704-506-1526

Valerie Arroyo, Pro Se
P. O. Box 5579
Concord NC 28027
Phone#704-506-1526

STATE OF NORTH CAROLINA

COUNTY OF CABARRUS

Sworn to and subscribed before me, this

The /5 day of MAL, 2021.

34

Notary Public

My Commission Expires: 11/16/2025

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing Civil Complaint,
served by certified-returned receipt mail upon the Attorney
General Office for all defendant(s)through the United States
Postal Service.

JOSH STEIN, Attorney General

North Caroling Department of Justice

114 W. Edenton Street

Raleigh NC 27603

This 15th day of March 2021

Valerie Arroyo, Pro Se
P.O. Box 5579
Concord NC 28027
Phone# 704-506-1526