IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

VALERIE ARROYO and )
DEREK OLIVARIA, )
    )
    )
        Plaintiffs, )
    )
    v. ) 1:21CV219
    )
SOUTHWOOD REALTY COMPANY, et al., )
    )
        Defendants. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Complaint [Doc. #3] filed by Plaintiffs Valerie Arroyo and Derek Olivaria. In conjunction with the Complaint, Plaintiffs also submitted an Application to Proceed *In Forma Pauperis*. For the reasons set out below, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] In addition, the Court may anticipate

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks

2

affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

In the present case, Plaintiffs bring claims against a range of defendants for allegedly violating the Plaintiffs' rights during their state eviction proceedings. In all, Plaintiffs bring 22 claims against 26 Defendants. Plaintiff names the following as Defendants: Southwood Realty Company; Daniel Ratchford, Vice President of Southwood Realty Company; Herman E. Ratchford, Jr., President of Southwood Realty Company; Triangle of Cloister, d/b/a Cloister of Concord, Inc.; Luz Gordon, Property Manager at Cloister of Concord Apartment Homes; Jared M Schmidt, an attorney with Loebsack & Brownlee, PLLC; Loebsack & Brownlee, PLLC; Christopher M. Vann of Vann Law Firm, P.A.; Vann Law Firm, P.A.; Magistrate Colleen P. Broome, Cabarrus County Small Claims Court; Cabarrus County District Court; Patricia R. Hoskins, Clerk of Court at Cabarrus County District Court; Elizabeth Thomas,

---

omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

Clerk of Court at Cabarrus County District Court; Patrick A. Johnson, an attorney with Brownlee, Whitlow & Praet Property Solutions of Law; Brownlee, Whitlow & Praet Property Solutions of Law; the North Carolina State Bar; Magistrate Shawn Morris, Iredell County District Court; City of Concord, NC; Concord County Commission Board; City Council of Cabarrus County Board; North Carolina Industrial Commission; North Carolina State Attorney General's Office; Josh Stein, Attorney General of North Carolina; North Carolina Department of Justice; Cabarrus County Superior Court; and the Concord & Kannapolis Tribune.

First, regarding the claims against Magistrate Judge Broome, Cabarrus County District Court, Clerks of Court Patricia R. Hoskins and Elizabeth Thomas, Magistrate Judge Shawn Morris, and Cabarrus County Superior Court, such claims are barred by judicial immunity. Judges have absolute immunity for their judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978). Clerks of Court are accorded derivative absolute immunity when they act in obedience to judicial order or under the court's direction. See, e.g., McCray v. Maryland, 456 F.2d 1 (4th Cir. 1972). Plaintiffs allege that Judge Broome abused her discretion in ruling against Plaintiffs, that the Clerks of Court stopped accepting payments of rent to hold in trust pending resolution of the eviction case after the case was dismissed without prejudice, that Judge Morris erroneously failed to acknowledge certain evidence from prior proceedings and erroneously stated in open court that the case did not qualify for the eviction moratorium under the Federal CARES Act, and that various other Judges in the Cabarrus County District and Superior Courts either erroneously ruled against Plaintiffs or denied a jury trial. Because all those actions are taken in the Defendants' roles as judges, or at the direction of the court in the case

4

of Defendants Hoskins and Thomas, all Defendants are entitled to absolute immunity. Therefore, all claims against Defendants Broome, Morris, Hoskins, Thomas, Cabarrus County District Court, and Cabarrus County Superior Court should be dismissed. Additionally, Plaintiff's Fourth Claim for Relief appears to only relate to the actions and officials discussed above, so that claim should be dismissed.[1]

In addition, as to the claims asserted against the state entities and state officials in their official capacities, the North Carolina Attorney General's Office, Attorney General Josh Stein in his official capacity, the North Carolina Department of Justice, and the North Carolina Industrial Commission, those claims are barred by the Eleventh Amendment. "The Supreme Court has recognized that the doctrine of sovereign immunity under the Eleventh Amendment extends beyond the literal text of the Eleventh Amendment to prevent a state from being sued by one of its own citizens without its consent." Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 329 (4th Cir. 2001) (citing Alden v. Maine, 527 U.S. 706, 727-28 (1999)). The Supreme Court has also held that states and "state officials, sued for monetary relief in their official capacities" are not "persons" subject to suit under § 1983. Hafer v. Melo, 502 U.S. 21, 25-26 (1991) (citing Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989)). Thus, to the

---

[1] To the extent Plaintiffs may be attempting to challenge or appeal judgments of the state courts, those claims would be barred by the Rooker-Feldman doctrine. District courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 486 (1983); see Rooker v. Fid. Tr. Co., 263 U.S. 413, 415–16 (1923). The Supreme Court has clarified that the Rooker-Feldman doctrine applies in cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005). "In other words, the doctrine simply precludes federal district courts from exercising what would be, in substance, appellate jurisdiction over final state-court judgments." Hulsey v. Cisa, 947 F.3d 246, 250 (4th Cir. 2020) (citing Thana v. Bd. of License Comm'rs for Charles Cty., Maryland, 827 F.3d 314, 319-20 (4th Cir. 2016)).

5

extent Plaintiff asserts claims against state entities or for damages against state officials in their official capacity, those claims should be dismissed.

The Court next considers Arroyo and Olivaria's federal law claims as to the remaining Defendants. Plaintiffs' Third, Sixth, Ninth, Thirteenth, and Nineteenth Claims for Relief broadly assert federal constitutional violations on the part of all Defendants. These claims primarily allege racial discrimination, denial of due process, and infringement on freedom of the press, along with violations of the Constitution or Bill of Rights more broadly. However, none of the Plaintiffs' Constitutional claims amount to more than vague or conclusory statements that they were discriminated against. The Complaint asserts several times that Mr. Olivaria has a mental disability, and that various Defendants acted in bad faith with him or took advantage of him. Plaintiffs also assert that various Defendants failed to ensure that all citizens receive equal treatment and due process during administrative and judicial proceedings. Additionally, Plaintiffs contend that the Concord & Kannapolis Tribune failed to investigate their case or publish stories related to the allegations against local officials. These general allegations, without more detail connecting the protected characteristic, the harm done, and the constitutional right at stake, amount to no more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that fail to "state . . . claim[s] to relief that [are] plausible on [their] face." Iqbal, 556 U.S. at 678 (citations removed). Furthermore, there is no allegation of facts to support an inference that the Plaintiffs' race played a part in the alleged violations.

Moreover, to the extent Plaintiff asserts claims against private individuals and companies, including Southwood Realty Company, Daniel Ratchford, Herman E. Ratchford,

6

Jr., Triangle of Cloister, d/b/a Cloister of Concord, Inc., Luz Gordon, Jared M. Schmidt, Loebsack & Brownlee, PLLC, Christopher M. Vann, Vann Law Firm, P.A., Patrick A. Johnson, Brownlee, Whitlow & Praet Property Solutions of Law, and the Concord & Kannapolis Tribune, those individuals are not subject to suit under 42 U.S.C. § 1983 for alleged constitutional violations because there is no basis to conclude that they were acting under color of state law. "To state a claim under Section 1983, a plaintiff must show that the alleged constitutional deprivation at issue occurred because of action taken by the defendant 'under color of ... state law.' The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. Section 1983's color-of-law prerequisite is synonymous with the more familiar state-action requirement applicable to Fourteenth Amendment claims, and the analysis for each is identical. Both inquiries demand that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." Davison v. Randall, 912 F.3d 666, 679 (4th Cir. 2019) (internal citations and quotations omitted); see also Mentavlos v. Anderson, 249 F.3d 301 (4th Cir. 2001) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful. . . . The state action requirement reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments." (citations and quotations omitted)).

For all of these reasons, to the extent the Plaintiffs' Third, Sixth, Ninth, Thirteenth, and Nineteenth claims assert federal constitutional claims, the Court recommends dismissal.

The Plaintiffs Seventeenth and Twenty-First claims allege violations of the Americans with Disabilities Act ("ADA"). While the claims are not entirely clear, it appears that the claims are based on alleged discrimination against Mr. Olivaria for his mental disability. As to the public official and public entity Defendants, the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. As discussed above regarding the alleged constitutional violations, Plaintiffs have failed to plead more than general, conclusory allegations regarding Mr. Olivaria's mental disability, and have not connected that disability to any discriminatory acts on the part of Defendants. Therefore, the Court recommends dismissal of Plaintiffs' Seventeenth and Twenty-First claims to the extent those claims are brought under the ADA.

Having liberally construed the Complaint, it appears that all other claims arise from state law, including the First (negligence), Second (unfair and deceptive practices), Fifth (legal malpractice), Seventh (civil conspiracy), Eighth (landlord/tenant retaliation), Tenth (state tort act), Eleventh (consumer fraud), Twelfth (breach of contract), Thirteenth (breach of fiduciary duty), Fourteenth (violation of ethics rules), Fifteenth (public corruption by state officials), Sixteenth (abuse of discretion), Seventeenth (obstruction of justice), Eighteenth (defamation), Nineteenth (failure to act in accordance with various state laws), Twentieth (intentional infliction of emotional distress), Twenty-First (violation of the North Carolina Persons with Disabilities Act), and Twenty-Second (violation of tenant's rights laws) claims for relief. Because the Court recommends dismissal of all the Plaintiffs' federal claims, the Court also

recommends dismissal of the state law claims for lack of subject matter jurisdiction. Under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over state law claims if they are "so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy." The Court may decline to exercise supplemental jurisdiction over a state law claim where the Court has dismissed all federal claims. 28 U.S.C. § 1367(c)(3). Here, where the Court has recommended dismissal of all federal claims at the outset of the case, prior to Defendants having been served, the Court finds that the remaining state law claims would be better addressed in state court.

Based on the above analysis, the Plaintiffs' request to proceed *in forma pauperis* should not be approved, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

The Court notes that Plaintiff has filed a Motion for Hearing [Doc. #5], but no hearing is necessary or appropriate. Therefore, that request will be denied.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's Motion for Hearing [Doc. #5] is DENIED.

IT IS RECOMMENDED that Plaintiffs' federal law claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted, as well as for seeking monetary relief against defendants who are immune from such relief.

9

IT IS FURTHER RECOMMENDED that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims, and that such claims be dismissed without prejudice for lack of subject matter jurisdiction.

This, the 12th day of July, 2021.

/s/ Joi Elizabeth Peake
United States Magistrate Judge